UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIGUEL MELENDEZ,

                      Plaintiff,

v.                                                       9:09-CV-0231
                                                           (GTS/DRH)

DR. SERGIO,[1] NYS DOCS Dentist, Mid-State
Correctional Facility; DR. R. FALKNER,
Dentist, Lakeview Shock Incarceration
Facility; DR. T. WHITE, NYS DOCS Dentist,
Mohawk Correctional Facility; DR. A. MAJEED,
NYS DOCS Dentist, Riverview Correctional
Facility; DR. A. ROUBIN,[2] NYS DOCS
Dentist, Mid-State Correctional Facility;
and NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES,

                      Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

MIGUEL MELENDEZ, 07-A-6708
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ANDREW M. CUOMO                      KRISTA A. ROCK, ESQ.
  Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

---

      [1]      It appears that this Defendant's name is spelled "Sorge," not "Sergio." (Dkt. No. 26.)

      [2]      It appears that this Defendant's name is spelled "Roubian," not "Roubin." (Dkt. No. 26.)

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Miguel Melendez ("Plaintiff") against five correctional employees and the New York State Department of Correctional Services ("Defendants"), are (1) Defendants' motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. Nos. 26, 38), (2) Plaintiff's cross-motion to amend his Complaint (Dkt. No. 45), and (3) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendants' motions be granted, that Plaintiff's cross-motion to amend his Complaint be denied, and that Plaintiff's Complaint be dismissed in its entirety (Dkt. No. 49). Plaintiff has not submitted an Objection to the Report-Recommendation, and the time in which to do so has expired. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motions are granted, Plaintiff's cross-motion is denied, and Plaintiff's Complaint is dismissed in its entirety.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed his Complaint in this action on February 26, 2009. (Dkt. No. 1.) Construed with the utmost of liberality, Plaintiff's Complaint alleges that, between approximately January 2008 and June 2008, while he was incarcerated at Lakeview, Mohawk, Mid-State, and Riverview Correctional Facilities in New York State, the above-captioned Defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs. (*See generally id.*) More specifically, Plaintiff alleges that Defendants denied him timely dental treatment for two front teeth that required extraction, and that he suffered an infection in his gums as a result of the delay. (*Id.*) A more-detailed familiarity with the factual allegations supporting this claim is assumed in this Decision and Order, which is

intended primarily for the review of the parties. (*Id*.)

      **B.**      **Defendants' Motions for Judgment on the Pleadings**

On July 15, 2009, Defendants Sorge, White, Majeed, and Roubian filed a motion for judgment on the pleadings, seeking dismissal of Plaintiff's Complaint in its entirety. (Dkt. No. 26.) On August 27, 2009, Defendant Falkner filed a motion for judgment on the pleadings, also seeking dismissal of Plaintiff's Complaint in its entirety. (Dkt. No. 38.)

In their motions, Defendants essentially argue as follows: (1) Defendant New York State Department of Correctional Services ("DOCS") is entitled to Eleventh Amendment immunity; (2) Plaintiff has failed to allege facts plausibly suggesting an Eighth Amendment claim for deliberate indifference to medical needs; (3) Plaintiff lacks standing to bring a claim, pursuant to 42 U.S.C. § 1983, on behalf of others; (4) Plaintiff's claims against Defendants for injunctive relief are mooted by his subsequent transfer to Cape Vincent Correctional Facility; (5) Plaintiff's request for injunctive relief is barred by Fed. R. Civ. P. 65(d); (6) Plaintiff has not established the requisite causation to maintain a claim, pursuant to 42 U.S.C. § 1983, aainst Defendants Roubian, White, Sorge and Majeed; (7) Defendants are protected from liability by the doctrine of qualified immunity as a matter of law; and (8) Defendants are entitled to a protective order barring discovery pursuant to Fed. R. Civ. P. 26(c). (Dkt. No. 26, Attach. 1; Dkt. No. 38, Attach. 1.)

      **C.**      **Plaintiff's Cross-Motion to Amend His Complaint**

On October 29, 2009, Plaintiff filed a cross-motion to amend his Complaint. (Dkt. No. 45.) On November 19, 2009, after an extension of time to do so was granted by the Court, Plaintiff submitted a response in opposition to Defendants' motion. (Dkt. No. 47.) In his response, Plaintiff argues as follows: (1) DOCS is no longer a Defendant in this suit; (2)

Plaintiff's claims have merit and each Defendant was personally involved in the alleged violations; (3) Plaintiff has alleged sufficient facts to plausibly suggest an Eighth Amendment claim for deliberate indifference to medical needs; (4) Defendants are not entitled to qualified immunity; and (5) Defendants are not entitled to a protective order barring discovery.  (Dkt. No. 47, Attach. 1.)  On November 27, 2009, Plaintiff submitted a supplemental response in support of his motion to amend his Complaint.  (Dkt. No. 48, Attach. 1.)

### D. Magistrate Judge Homer's Report-Recommendation

On February 23, 2010, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motions be granted, that Plaintiff's cross-motion to amend his Complaint be denied, and that Plaintiff's Complaint be dismissed in its entirety.  (Dkt. No. 49.)  Familiarity with the particular reasoning offered in support of these recommendations is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties.  (*Id*.) As previously stated, Plaintiff did not file any Objections to the Report-Recommendation.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[3]

---

[3]   On de novo review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.**    **Standard Governing a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)**

Magistrate Judge Homer correctly recited the legal standard governing a motion for judgment on the pleadings. (Dkt. No. 49, at 6-7.) As a result, this standard is incorporated by reference in this Decision and Order. The Court would add only that, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[5] it does not completely relieve a *pro se*

---

abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

    [4]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

    [5]    *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[6]
Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[7] Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].

### III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's thorough Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous. Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result,

---

[6] *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with FED. R. CIV. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[7] *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

the Court adopts the Report-Recommendation for the reasons stated therein.[8]

  **ACCORDINGLY**, it is

  **ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 49) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

  **ORDERED** that Defendants' motions for judgment on the pleadings (Dkt. Nos. 26, 38) are **GRANTED**; and it is further

  **ORDERED** that Plaintiff's cross-motion to amend his Complaint (Dkt. No. 45) is **DENIED**; and it is further

  **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: March 31, 2010
   Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[8]  The Court notes that the Report-Recommendation would survive even a *de novo* review.